# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

-----------------------------------------------X

**IN RE:**
**Christopher E. Whitney,**

**CHAPTER 13**
**CASE NO. 16-20298-PGC**

**Christina Whitney**
**fka Christina Emery**

**Debtors**

-----------------------------------------------X

## MOTION OF CARRINGTON MORTGAGE SERVICES, LLC FOR RELIEF FROM STAY
### *NUNC PRO TUNC*

To: The Honorable Cary, Peter C., U.S. Bankruptcy Judge,

Now Comes Carrington Mortgage Services, LLC, ("Carrington"), and hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001 and 9014, for relief from the automatic stay of 11 U.S.C. § 362 with respect to certain real property of the Debtors having an address of 8 Red's Way, Raymond, ME 04071 (the "Property") for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to bringing an action to confirm the ownership of the subject Note and Mortgage as defined under Maine law and bringing an action to enforce the right to foreclose. Carrington is entitled to relief from automatic stay on the grounds that: 1) the Debtors are nineteen (19) post-petition payments over due; 2) the promissory note, which the mortgage secures, has been dishonored and is in default; and 3) there is no equity.

In further support of this motion, Carrington respectfully alleges as follows:

1. On or about August 5, 2008, the Debtors executed and delivered a Note in the amount of $178,571.00 to Taylor, Bean & Whitaker Mortgage Corp. *See* Exhibit A (a true and correct copy of the Note is attached hereto.)

2. To secure the obligation, the Debtors executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp, a

Mortgage dated August 5, 2008, and recorded in the Cumberland County Registry of Deeds in Book 26261, Page 279 on the Property. *See* Exhibit B (a true and correct copy of the Mortgage is attached hereto.)

3. Carrington is the current holder of the Note and assignee of the Mortgage. *See* Exhibit C (a true and correct copy of the Assignment is attached hereto).

4. According to the Debtors' Plan, there is a second mortgage held by Key Bank for approximately $61,000.00, the Debtor is proposing to strip and treat as an unsecured claim. *See* Exhibit D (a true and correct copy of the Debtors' Confirmed Plan is attached hereto).

5. On or about May 23, 2016, the Debtors filed a voluntary petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code.

6. Upon information and belief, the Debtors' Chapter 13 Plan was confirmed on June 22, 2017.

7. On September 25, 2017, Carrington filed a Motion for Relief from the Automatic Stay ("MFR"), with a hearing date of November 15, 2017, on the grounds that the Debtors were denied a loan modification and were due for sixteen (16) post petition payments. *See* Docket No. 83.

8. On October 11, 2017, the Debtors filed a response to the MFR stating that they could not afford to cure the arrears on the loan. *See* Docket No. 87.

9. On November 15, 2017, a hearing was held on the MFR and relief was granted. *See* Docket No. 94.

10. The Debtors were approved by Carrington for a Loan Modification and filed a Motion to Approve with the Court on November 20, 2018. *See* Docket No. 101.

11. On January 8, 2019, this Court approved the Debtor's Motion to Approve Loan Modification. *See* Docket No. 108.

12. As of June 5, 2020, the total debt owed to Carrington was $350,323.26, plus attorney's fees and costs.

13. Upon information and belief, there are no other encumbrances on the Property other than those referenced above.

14. The Debtors have not made any payments since the Loan Modification was approved.

15. The Debtors are currently nineteen (19) payments in arrears in the amount of $28,441.28, representing the December 2018 – June 2020 payments in the amount of $1,432.12 each; plus attorney's fees and costs in the amount of $1,231.00.

16. Pursuant to a valuation report, dated March 27, 2020, the Property has a value of $257,254.00, with a liquidation value of $240,289.74, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,029.02); and the anticipated costs incurred from a real estate closing ($500.00). *See* Exhibit E (a true and correct copy of the valuation is attached hereto).

17. The total amount of liens on the Property is $411,323.26.

18. On March 3, 2020, Carrington filed a Foreclosure Complaint against the Property.

19. Carrington is seeking a grant of *nunc pro tunc* relief from the automatic stay to confirm that due to the relief order issued on November 16, 2017, in order to ratify its actions in prusing a foreclosure of the Property.

20. As there is no equity in the Property and the Debtors have not made any payments under the terms of the Loan Modification, the Debtor will not be harmed by the filing of this motion.

21. Pursuant to paragraph 6 of the Note and paragraphs 9 and 22 of the Mortgage, the Creditor respectfully requests that attorney's fees in the amount of $1,050.00 and costs in the amount of $181.00 incurred in connection with bringing their motion be awarded.

22. Based on the foregoing, Carrington is entitled to relief *nunc pro tunc* from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the following reasons:

    1. Carrington's interest in the property is not adequately protected.
    2. The Debtors are in default on their post petition payments.

WHEREFORE, Carrington prays that this Court issue an Order terminating or modifying the

stay and granting the following:

1. *Nunc Pro Tunc* Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited allowing Carrington (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the Chapter 13 Trustee shall cease making disbursements, if commenced, to Carrington on its secured claim and that the Carrington is exempt from future compliance with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

4. That the Creditor has the right to bring a declaratory action seeking Judgment confirming the ownership of the mortgage in the name of Carrington Mortgage Services, LLC as defined under Maine law.

5. For such other relief as the Court deems proper.

Respectfully Submitted,

Carrington Mortgage Services, LLC
By its counsel,

DATED: June 17, 2020

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq., (BBO# 5746)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
Tel (978) 921-2670
rjl@dgandl.com