## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

-----------------------------------------------X

**IN RE:**                                           **CHAPTER 13**
**Christopher E. Whitney,**             **CASE NO. 16-20298**
**Christina Whitney**

         **Debtors**

-----------------------------------------------X

### *NUNC PRO TUNC* ORDER PURSUANT TO 11 U.S.C. § 362(d) <u>MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)</u>

Upon the motion, (the "Motion"), of Carrington Mortgage Services, LLC (with any subsequent successor or assign, the "Creditor"), for an order, *Nunc Pro Tunc* pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the Property known as 8 Red`s Way, Raymond, ME 04071 (the "Property") effective August 29, 2020, to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and having come before me and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

     ORDERED that the Motion is granted as provided herein; and it is further

     ORDERED that effective August 29, 2020, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated *Nunc Pro Tunc* under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, including but not limited to foreclosure of the mortgage lien on the Property; negotiating a settlement or by entering into a loan workout with the Debtors; and it is further

     ORDERED that the Creditor shall promptly report and turn over to the case trustee any surplus monies realized by any sale of the Property; and it is further

ORDERED that this Order shall become final in fourteen (14) days unless a Party in Interest sooner objects, in which case the matter shall be set for hearing and considered by the Court as if this Order had not been entered.

ORDERED that the Debtors through their counsel will accept service on the Foreclosure Complaint.

ORDERED that the Debtors shall have a deadline to respond to the Foreclosure Complaint of on or before September 29, 2020, which represents an additional twenty-one (21) days after Relief is effective.

SO ORDERED.

DATED at Portland, Maine this  3rd  day of   August        , 2020.

       /s/ Peter G. Cary\
       Hon. Cary, Peter C.\
       United States Bankruptcy Judge