# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

---------------------------------------------------X

IN RE:  
Christopher E. Whitney,

Christina Whitney  
f/k/a Christina Emery

        Debtors.

---------------------------------------------------X

CHAPTER 13  
CASE NO. 16-20298

## RESPONSE TO DEBTOR'S MOTION TO RECONSIDER NUNC PRO TUNC ORDER GRANTING CARRINGTON MORTGAGE SERVICES, LLC'S MOTION FOR RELIEF FROM STAY

Now comes Carrington Mortgage Services, LLC ("Carrington"), a creditor and party in interest in the above referenced matter, and hereby responds to the Debtor's Motion to Reconsider *Nunc Pro Tunc* Order Granting Carrington Mortgage Services, LLC Motion for relief from Stay (the "Motion") as follows:

1. Carrington filed its Motion for Relief from Stay ("MFR") on June 17, 2020. *See* Docket No. 135.

2. Carrington had previously obtained relief from the stay but sought this relief to confirm that notwithstanding the intervening failed modification, they were able to proceed to enforce their rights in the collateral.

3. On July 6, 2020, the Debtors, through their attorney, filed a response to the MFR, consenting to Relief.  *See* Docket No. 138.

4. On July 29, 2020, this Court held a hearing on the MFR where, upon this Court's Order, an agreement was reached agreeing to relief with a thirty (30) day extension of time.

5. On August 3, 2020, Carrington filed a Proposed Order which reflected the terms agreed upon by the parties.  *See* Docket No. 143.

6. The terms of the Proposed Order provided that "effective August 29, 2020, the automatic stay,

imposed is this case by section 362(a) of the Bankruptcy Code is vacated *Nunc Pro Tunc* under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, including but not limited to foreclosure of the mortgage lien on the Property." *Id.*

7. The terms of the Proposed Order further provided that "the Debtors through their counsel will accept service of the Foreclosure Complaint." *Id.*

8. The terms of the Proposed Order further provided that "the Debtors shall have a deadline to respond to the Foreclosure Complaint of on or before September 29, 2020, which represents an additional 21 days after Relief is effective." *Id.*

9. On August 3, 2020, the Debtors through their attorney, consented to the Proposed Order filed.

10. On August 4, 2020, this Court granted Carrington's MFR and executed the Proposed Order. *See* Docket No. 144.

11. On August 13, 2020, the Foreclosure Complaint was sent to the Debtors, through their Counsel, by first class mail.

12. On August 17, 2020, Counsel requested a copy of the Complaint be sent to him electronically.

13. On September 16, 2020, Counsel represented that "I no longer have my client's authority to accept service. I know the Judge entered an Order saying I would, but I think the client can withdraw that authority. . ." *See* Exhibit A (a true and correct copy of the email dated September 16, 2020).

14. In response to the undersigned's request to comply with the terms of the Court Order, Counsel stated that he was "not representing them in the foreclosure. I agreed to accept service, but my client is not authorizing me to accept service at this time. Now if you want to bring the foreclosure in the Bankruptcy, I am Counsel." *See* Exhibit B (a true and correct copy of the second email dated September 16, 2020).

15. On September 29, 2020, contrary to the previous, voluntarily agreed to terms of the relief order issued by this Court, on the deadline previously agreed upon for a response date for the Foreclosure Complaint, more than thirty (30) days after the Order entered, the Debtors filed this Motion to Reconsider the Relief Order *pro se* notwithstanding the fact that they are represented by Counsel. *See* Docket 146.

16. The Debtors set out no legal or factual basis in bankruptcy law for accommodating their change of heart.

17. The Debtors state that they "would like to put in a counterclaim" in the Motion to Reconsider but this statement does not constitute grounds for relief from this Court's agreed upon Order for Relief for the reasons set forth above and where, as here, an Answer and whatever counterclaims the Debtors seek to advance could be filed in the pending action in Federal Court, the instant motion should be denied.

18. Denial of this Motion to Reconsider will not deprive the Debtors of the opportunity to assert any counterclaims, nor does it result in depriving them of a place to live as they represent.

19. The Debtors assert that they need the relief order to be stayed in order to have more time to find a place to live, but the relief order is not a judgment for possession, and the Debtors are not facing eviction.

20. Once they appear in the District Court matter, they can Answer, file whatever claims they may have and request to stay the matter if there are legal grounds to support a stay.

21. The lender's attempts to serve the Complaint pursuant to the terms of the agreed order for relief were in good faith and the Order should not be vacated.

WHEREFORE, Carrington requests that Debtors be held to the voluntarily agreed upon terms of the Relief Order, that this Motion for Reconsideration be Denied, and for all other relief as is just and equitable.

Respectfully Submitted,

        Carrington Mortgage Services, LLC
        By its attorney,

Dated: October 13, 2020

        <u>/s/ Reneau J. Longoria</u>
        Reneau J. Longoria, Esq. (BBO# 5746)
        Doonan, Graves & Longoria, LLC
        100 Cummings Center
        Suite 225D
        Beverly, MA 01915
        Tel. (978) 921-2670 ext. 118
        rjl@dgandl.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

---------------------------------------------------X
**IN RE:**                                    CHAPTER 13
**Christopher E. Whitney,**        CASE NO. 16-20298

**Christina Whitney**
**f/k/a Christina Emery**

       **Debtors.**
---------------------------------------------------X

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, hereby certify that true and correct copies of the above notice have been served by either electronic notification or by placing same in the United States Mail, postage prepaid, on October 13, 2020 to all of the individuals on the following service list.

       /s/ Reneau J. Longoria
       Reneau J. Longoria, Esq. (BBO# 5746)
       Doonan, Graves & Longoria, LLC
       100 Cummings Center
       Suite 225D
       Beverly, MA 01915
       Tel. (978) 921-2670 ext. 118
       rjl@dgandl.com

**U.S. Trustee**
Office of the U.S. Trustee
537 Congress Street, Suite 300
Portland, ME 04101
**Electronic Notification**

**Trustee**
Andrew M. Dudley
P.O. Box 429
Brunswick, ME 04011
**Electronic Notification**

**Counsel for Debtors**
Logan, J. Scott
75 Pearl Street
Suite 211
Portland, ME 04101
**Electronic Notification**

**Debtors**
Christina Whitney
Christopher E. Whitney
8 Reds Way,
Raymond, ME 04071